UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMALL BAKER,

                Plaintiff,

   v.

JERALD GRANT, et al.,

                Defendants.

Case No. C17-1678-RSL

ORDER DENYING MOTIONS TO APPOINT COUNSEL

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff, an inmate in the Special Offender Unit at the Monroe Correctional Complex, has filed two motions to appoint counsel (Dkts. 28 & 36), which the Honorable Robert S. Lasnik has referred to the undersigned. (Dkts. 35 & 38.) Defendants oppose plaintiff's requests. (Dkt. 29.) Having considered the parties' submissions, the balance of the record, and the governing law, the Court finds and ORDERS:

(1) Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). In certain "exceptional circumstances," the Court may request the voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the

ORDER DENYING MOTIONS TO
APPOINT COUNSEL - 1

1  merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither factor is dispositive, and they must be viewed together before reaching a decision on a request for counsel. *Id.*

(2)  Plaintiff argues that his imprisonment will limit his ability to litigate this case because he has limited access to the law library and limited knowledge of the law, the law librarian has refused to print case law for him, and there are witnesses who are no longer present at the prison. (Dkt. 28 at 1-2; Dkt. 36 at1, 3.) Plaintiff also asserts that the issues involved in this case are complex, and that he suffers from bipolar, schizophrenia, and a possible brain injury. (Dkt. 28 at 1-2.)

(3)  Considering both the likelihood of success on the merits and plaintiff's ability to articulate his claims *pro se* in light of the complexity of the relevant legal issues, the Court concludes that plaintiff does not establish exceptional circumstances at this time. It is too early in the case for the Court to determine that plaintiff has a likelihood of success on the merits. Indeed, it has not yet been determined which of his claims will be permitted to proceed beyond the motion to dismiss stage. (*See* Dkt. 33 (pending Report and Recommendation by the undersigned recommending that plaintiff be allowed to proceed with his First Amendment retaliation claims against Officers Jerald Grant and Jason Neely and his Eighth Amendment claims against Officer Grant and Sergeant Michael Clayton).)

Plaintiff also has demonstrated an adequate ability to articulate his claims *pro se*, despite his mental illnesses and the limitations caused by imprisonment. He filed an amended complaint that the Court served on defendants. (Dkts. 12 & 13.) He opposed defendants' motion to dismiss by seeking leave to amend and submitting a proposed second amended complaint. (Dkt. 24.) The

Court has recommended that he be permitted to proceed with his First Amendment retaliation claims and some of his Eighth Amendment claims. (Dkt. 33.) Plaintiff also filed objections to the Report and Recommendation. Although it may be difficult for plaintiff to develop the factual record and research the relevant legal issues, which are not particularly complex, these challenges are insufficient to establish exceptional circumstances at this time. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (where *pro se* civil rights plaintiff shows a good grasp of basic litigation procedure and has been able to articulate claims adequately, he does not demonstrate exceptional circumstances required for appointment of counsel); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues [warranting appointment of counsel].").

The Court thus DENIES plaintiff's motions to appoint counsel (Dkts. 28 & 36) without prejudice to refiling at a later stage in the case.

(4)     The Clerk is directed to send copies of this order to the parties and to the Honorable Robert S. Lasnik.

Dated this 29th day of June, 2018.

Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING MOTIONS TO
APPOINT COUNSEL - 3