UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMALL BAKER,

                Plaintiff,

v.

JERALD GRANT, et al.,

                Defendants.

Case No. C17-1678-RSL-MAT

ORDER

This is a 42 U.S.C. § 1983 prisoner civil rights action. Currently before the Court are: (1) the Honorable Robert S. Lasnik's February 7, 2019 Order re-referring this matter to the undersigned for further proceedings, including scheduling an evidentiary hearing on the issue of whether plaintiff exhausted his administrative remedies for his claim against Officer Neely, Dkt. 72; (2) plaintiff's unopposed motion to extend the discovery deadline, Dkt. 67; and (3) plaintiff's motion and request for referral to the early settlement program, Dkt. 71. Having considered the parties' submissions, the balance of the record, and the Governing law, the Court finds and ORDERS:

(1) Plaintiff alleges, *inter alia*, that Officer Neely retaliated against him for filing a lawsuit. Defendants moved for summary judgment, arguing that plaintiff failed to exhaust his

ORDER - 1

administrative remedies. The Court found that disputed issues of material fact precluded summary judgment on this issue. Dkt. 72 (adopting Report and Recommendation, Dkt. 66). Therefore, the Court must hold an evidentiary hearing on the question of whether plaintiff exhausted his administrative remedies. *See Albino v. Baca*, 747 F.3d 1162, 1165 (9th Cir. 2014) (en banc) (disputed factual questions relevant to exhaustion should be decided by the judge at a pretrial evidentiary hearing).

Before scheduling the evidentiary hearing, however, the Court GRANTS plaintiff **30 days from the date of this Order** to file a motion to appoint pro bono counsel. Upon receipt of such a motion from plaintiff, the Court will seek to appoint pro bono counsel *for the limited purpose of preparing for and conducting the evidentiary hearing on the question of exhaustion*. Plaintiff is advised that there is no guarantee that pro bono counsel can be retained. If plaintiff does not timely move for the appointment of counsel, he will proceed with the evidentiary hearing *pro se*.

(2) Plaintiff seeks an additional 60 days in which to conduct discovery. Dkt. 67. Defendants do not oppose this request. Dkt. 68. Although the discovery deadline may need to be amended further if pro bono counsel is appointed to represent plaintiff, the Court RESETS the discovery deadline for **April 29, 2019**, and the dispositive motions deadline for **June 17, 2019**.

(3) Plaintiff moves for referral to the early settlement program. Dkt. 71. Defendants oppose the motion because they plan to file a motion for summary judgment on the merits of plaintiff's claims. Dkt. 73. Given the parties' disagreement about whether to participate in the alternative dispute resolution program and defendants' planned motion for summary judgement, the Court DENIES plaintiff's motion for a referral, Dkt. 71. *See* Local Rules Western District of Washington LCR 39.1(a)(4) (participation in alternative dispute resolution program is voluntary unless ordered by the court).

ORDER - 2

(4) The Clerk is directed to send copies of this order to the parties and to the Honorable Robert S. Lasnik.

Dated this 27th day of February, 2019.

Mary Alice Theiler
United States Magistrate Judge

ORDER - 3