UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMALL BAKER,

          Plaintiff,

v.

JERALD GRANT, et al.,

          Defendants.

Case No. C17-1678-RSL-MAT

ORDER

This is a 42 U.S.C. § 1983 prisoner civil rights action. On February 7, 2019, the Honorable Robert S. Lasnik granted in part and denied in part defendants' motion for summary judgment based on failure to exhaust. (Dkt. 72.) Relevant to the instant Order, Judge Lasnik denied summary judgement as to plaintiff's First Amendment retaliation claim against Officer Neely because there were disputed issues of material fact and re-referred the matter to the undersigned for further proceedings, including an evidentiary hearing to resolve the disputed issues of fact and decide whether plaintiff exhausted his administrative remedies. (*Id.*)

The undersigned subsequently granted plaintiff leave to move for the appointment of pro bono counsel for the limited purpose of conducting an evidentiary hearing on the issue of exhaustion. (Dkt. 77.) Plaintiff timely filed a motion to appoint counsel, which defendants

ORDER - 1

opposed. (Dkts. 79 & 81.)

Then on April 1, 2019, defendants filed a motion for summary judgment that addresses the merits of plaintiff's First Amendment claim against Officer Neely, as well as his Eighth Amendment claim against Officer Grant. (Dkt. 84.)

Given that defendants are now seeking summary judgment on the merits of plaintiff's First Amendment claim against Officer Neely, it is unclear whether defendants intend to waive their argument that plaintiff failed to exhaust that claim. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) ("[A] defect in subject-matter jurisdiction, *unlike a failure to exhaust*, is a nonwaivable defect." (emphasis added)). If defendants waive their exhaustion argument, there will no longer be a need for the Court to hold an evidentiary hearing. On the other hand, if defendants still wish to pursue exhaustion as an affirmative defense, the Court will resolve that issue before addressing their newly filed motion for summary judgment.

Based on the foregoing, the Court ORDERS defendants to notify the Court by **April 19, 2019**, whether or not they waive their argument that plaintiff failed to exhaust his administrative remedies with respect to his First Amendment retaliation claim against Officer Neely. The Clerk is directed to RE-NOTE plaintiff's pending motions (Dkts. 75, 79, 80) for April 19, 2019, and to second copies of this Order to the parties and to Judge Lasnik.

Dated this 11th day of April, 2019.

Mary Alice Theiler
United States Magistrate Judge