UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMALL BAKER,

                Plaintiff,

v.

JERALD GRANT, et al.,

                Defendants.

Case No. C17-1678-RSL-MAT

ORDER DIRECTING CLERK TO
IDENTIFY PRO BONO COUNSEL

## I.    INTRODUCTION

Plaintiff, an inmate in the Monroe Correctional Complex Special Offender Unit ("MCC-SOU"), is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. The two remaining defendants are MCC-SOU employees: Correctional Officer Jerald Grant and Unit Supervisor Jason Neely. Currently before the Court is plaintiff's motion to appoint counsel for the limited purpose of conducting an evidentiary hearing on the issue of whether plaintiff exhausted his First Amendment retaliation claim against Officer Neely. Defendants oppose the motion. Having considered the parties' submissions, the balance of the record, and the governing law, the Court grants plaintiff's motion contingent upon the identification of counsel willing to represent plaintiff pro bono for the limited purpose identified herein.

ORDER DIRECTING CLERK TO
IDENTIFY PRO BONO COUNSEL - 1

## II. BACKGROUND

A. Allegations in Plaintiff's Second Amended Complaint

The operative complaint alleges the following.[1] Plaintiff has been diagnosed with paranoid schizophrenia, paranoid personality disorder, schizoaffective disorder, and bipolar disorder. (Dkt. 24-2 at ¶¶ 2-3.) On countless occasions between 2014 and 2017, Officer Grant falsely announced to staff members that plaintiff has HIV/AIDS. (*Id.* at ¶¶ 24-25.) In April 2015, Officer Grant told an inmate that plaintiff was "HIV/AIDS positive" and a snitch from California who was in the witness protection program. (*Id.* at ¶¶ 7-8.) Officer Grant spread similar rumors among inmates at other times, too. (*Id.* at ¶¶ 57-58.)

Plaintiff asked Officer Grant to stop spreading rumors about him or he would litigate. (*Id.* at ¶¶ 32-33.) Officer Grant responded, "So what, you are a paranoid schizophrenic, a judge will never believe you over me. . . . I don't care, do something while you can." (*Id.* at ¶¶ 33-34.) After plaintiff began to complain about Officer Grant's behavior, the officer told him that he would be transferred to another institution and away from his family if he continued to write grievances and file litigation regarding the alleged comments. (*Id.* at ¶¶ 10-13.) Officer Grant also instructed two inmates to threaten plaintiff with transfer if he continued to file grievances regarding the alleged comments and actions. (*Id.* at ¶ 14.)

In February 2017, plaintiff requested and was granted a meeting with Sergeant Clayton, who is Officer Grant's supervisor, Officer Grant, and Officer Neely. (*Id.* at ¶¶ 50-51.) During the meeting, plaintiff and Officer Grant discussed the claims in this action; Sergeant Clayton and Officer Neely were completely quiet. (*Id.* at ¶¶ 52-53.) Officer Grant agreed to stop spreading rumors about plaintiff having HIV/AIDS and being in witness protection. (*Id.* at ¶¶ 54-56.) Officer

---

[1] The Court includes only allegations relevant to the remaining claims in the lawsuit.

Grant, however, did not stop. (*Id.* at ¶¶ 57-58.)

On April 7, 2017, Officer Neely placed plaintiff in administrative segregation because plaintiff filed a personal restraint petition about Officer Grant. (*Id.* at ¶¶ 59, 61.) Officer Neely told plaintiff, "Since you like writing grievances and complaints, I'm sending you to the hole. Write your complaints from there." (*Id.* at ¶ 64.) Officer Neely fabricated another explanation to justify his actions. (*Id.* at ¶¶ 60, 62, 63.)

Based on the foregoing allegations, the Court allowed plaintiff to go forward with a First Amendment retaliation claim against Officer Grant for threatening to have him transferred if he continued to write grievances, a First Amendment retaliation claim against Officer Neely for placing plaintiff in administrative segregation because plaintiff filed a lawsuit against Officer Grant, and an Eighth Amendment claim against Officer Grant based on spreading rumors that plaintiff has HIV/AIDS and is a snitch. (Dkt. 40 at 1; Dkt. 33 at 6-7, 9-12, 14.)

B. <u>Relevant procedural history</u>

In September 2018, defendants moved for summary judgment, arguing that plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). (Dkt. 51.) Under the PLRA, a prisoner must exhaust "available" administrative remedies before filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Albino v. Baca*, 747 F.3d 1162, 1165 (9th Cir. 2014) (en banc); 42 U.S.C. § 1997e(a). Defendants bear the initial burden of showing that there was an available administrative remedy and that plaintiff did not exhaust that remedy. *Albino*, 747 F.3d at 1169, 1172. Once that showing is made, the burden shifts to plaintiff, who must either demonstrate that he, in fact, exhausted administrative remedies or "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. The

ultimate burden, however, rests with defendants. *Id.*

Summary judgment is appropriate if the undisputed evidence, viewed in the light most favorable to plaintiff, shows a failure to exhaust. *Id.* at 1166, 1168; *see* Fed. R. Civ. P. 56(a). If summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge at a pretrial evidentiary hearing; plaintiff is not entitled to a jury trial on the issue of exhaustion. *Albino*, 747 F.3d at 1170-71. But if the Court finds that plaintiff exhausted his administrative remedies, that administrative remedies were not available, or that the failure to exhaust administrative remedies should be excused, the case proceeds to the merits. *Id.* at 1171.

The Court recommended that defendants' motion for summary judgment be granted in part and denied in part. (Dkt. 66.) With respect to Officer Grant, the Court concluded that plaintiff exhausted his Eighth Amendment claim but failed to exhaust his First Amendment claim. (*Id.* at 9, 11-12.) With respect to Officer Neely, the Court concluded that disputed issues of material fact prevented it from deciding on summary judgment whether plaintiff failed to exhaust his administrative remedies or whether the administrative remedies were "unavailable." (*Id.* at 10.) The Court explained:

> On one hand, defendants have presented evidence that plaintiff did not exhaust his administrative remedies because they have no record of his alleged rewrite, kite, or two appeals. On the other hand, plaintiff avers that he submitted these documents, and he suggests that if the grievance coordinator did not receive them, it was because a corrections officer failed to follow MCC-SOU policy and put them in the locked grievance box after plaintiff slipped them under his door. *See Nunez v. Duncan*, 591 F.3d 1217, 1229 (9th Cir. 2010) ("Where prison officials have effectively prevented a prisoner from using the available procedures . . . courts have held that administrative remedies were not 'available' for purposes of the PLRA.").

(*Id.* at 10-11.) The Court thus determined that it would be necessary to hold an evidentiary hearing on the issue of exhaustion of plaintiff's retaliation claim against Officer Neely. (*Id.* at 11.)

The Honorable Robert S. Lasnik adopted the Court's Report and Recommendation and re-

referred the matter to the undersigned for further proceedings, including the scheduling of an evidentiary hearing on the issue of whether plaintiff exhausted his retaliation claim against Officer Neely. (Dkt. 72.) The Court subsequently granted plaintiff 30 days to file a motion to appoint pro bono counsel. (Dkt. 77.) The Court informed plaintiff that upon receipt of such a motion, the Court would seek to appoint pro bono counsel "*for the limited purpose of preparing for and conducting the evidentiary hearing on the question of exhaustion.*" (*Id.* at 2 (emphasis in original).) Plaintiff timely moved for the appointment of counsel. (Dkt. 79; *see also* Dkts. 82, 83.) Defendants opposed the motion. (Dkt. 81.)

Defendants then filed a motion for summary judgment addressing the merits of plaintiff's claims. (Dkt. 84.) Given this motion, it was unclear whether defendants intended to waive their argument that plaintiff failed to exhaust his retaliation claim against Officer Neely. (*See* Dkt. 93.) The Court ordered defendants to notify the Court whether they intended to waive their exhaustion argument, in which case it would be unnecessary for the Court to hold an evidentiary hearing. (*Id.* at 2.) Defendants have informed the Court that they do not waive their exhaustion argument. (Dkt. 96.)

Also pending are several miscellaneous motions filed by plaintiff, including a motion to continue the noting date for defendants' motion for summary judgment to allow plaintiff time to conduct additional discovery and respond. (Dkt. 91.)

### III. DISCUSSION

Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). In certain "exceptional circumstances," the Court may request the voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether

"exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither factor is dispositive, and they must be viewed together before reaching a decision on a request for counsel. *Id.*

In this case, plaintiff has made serious allegations that his administrative remedies were unavailable when he tried to exhaust his First Amendment retaliation claim against Officer Neely. Although defendants deny plaintiff's claims, there are disputed issues of material fact that precluded summary judgment and now require an evidentiary hearing on the question of exhaustion. Although plaintiff has sufficiently articulated his claims thus far, the Court concludes that the complexity of preparing for and participating in an evidentiary hearing will make it difficult for him to proceed *pro se* with this aspect of the litigation. The Court thus finds exceptional circumstances warrant the appointment of counsel in this matter *for the limited purpose of preparing for and conducting the evidentiary hearing on the question of exhaustion*. Plaintiff is advised, however, that there is no guarantee pro bono counsel will be identified. Therefore, the motion for appointment of counsel will be granted contingent upon the identification of counsel willing to represent plaintiff pro bono for the limited purpose.

In addition, defendants' motion for summary judgment on the merits (Dkt. 84) will be held in abeyance pending resolution of the exhaustion issue. The Clerk will be directed to remove the motion from the Court's calendar at this time. After the evidentiary hearing is concluded, the Court will invite further briefing on the summary judgment motion and will place the motion back on the calendar for consideration. Given this conclusion, the Court will deny as moot plaintiff's motion for an extension of time to conduct discovery and respond to the summary judgment motion

(Dkt. 91).

## IV. CONCLUSION

For the reasons explained above, the Court finds and ORDERS:

(1) Plaintiff's motion to appoint counsel (Dkt. 79) is GRANTED contingent upon the identification of counsel willing to represent plaintiff pro bono for the limited purpose of preparing for and conducting an evidentiary hearing on the issue of exhaustion of plaintiff's First Amendment retaliation claim against Officer Neely.

(2) The Clerk is DIRECTED to identify counsel from the Pro Bono Panel to represent plaintiff for the limited purpose identified herein. Upon the identification of pro bono counsel, the Court will issue an order appointing counsel and directing the parties to file a joint status report.

(3) Defendants' motion for summary judgment on the merits (Dkt. 84) will be held in abeyance pending resolution of the exhaustion issue. The Clerk is directed to REMOVE the motion from the Court's calendar at this time. After the evidentiary hearing is concluded, the Court will invite further briefing on the summary judgment motion and will place the motion back on the calendar for consideration.

(4) Plaintiff's motion for extension of time to conduct discovery and respond to the motion for summary judgment (Dkt. 91) is DENIED as moot.

(5) The Clerk is directed to send copies of this order to the parties and to the Honorable Robert S. Lasnik.

Dated this 2nd day of May, 2019.

Mary Alice Theiler
United States Magistrate Judge