UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMALL BAKER,

          Plaintiff,

v.

JERALD GRANT, et al.,

          Defendants.

Case No. C17-1678-RSL-MAT

ORDER ON PLAINTIFF'S MOTION TO EXTEND TIME AND CONDUCT ADDITIONAL DISCOVERY

This is a 42 U.S.C. § 1983 prisoner civil rights action. Defendants' motion for summary judgement is noted for March 13, 2020. (Dkt. 127.) On March 9, 2020, plaintiff filed a motion requesting an extension of time until April 1, 2020, to oppose the motion. (Dkt. 133.) Plaintiff also asks for leave to conduct additional discovery, specifically to request the production of documents and to serve approximately five interrogatories. (*Id.*) He does not explain what specific discovery he seeks or why he needs it. (*Id.*) Defendants do not oppose an extension of time, but they do object to plaintiff's request to conduct additional discovery. (Dkt. 134.) The discovery deadline has already passed.

The Court finds good cause based on plaintiff's health challenges to grant him an extension of time to file his response to the motion for summary judgment. Plaintiff has not,

ORDER ON PLAINTIFF'S MOTION TO
EXTEND TIME AND CONDUCT
ADDITIONAL DISCOVERY - 1

however, justified his request for additional discovery. Federal Rule of Civil Procedure 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: . . . (2) allow time to obtain affidavits or declarations or to take discovery . . . ." Fed. R. Civ. P. 56(d)(2). As the Ninth Circuit has explained:

> Rule 56(d) provides "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). A party seeking additional discovery under Rule 56(d) must "explain what further discovery would reveal that is 'essential to justify [its] opposition' to the motion[ ] for summary judgment." *Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188, 1194 (9th Cir. 1980) (first alteration in original).
>
> This showing cannot, of course, predict with accuracy precisely what further discovery will reveal; the whole point of discovery is to learn what a party does not know or, without further information, cannot prove. *See, e.g.*, *Pac. Fisheries Inc. v. United States*, 484 F.3d 1103, 1111 (9th Cir. 2007) ("[T]he purpose of discovery is to aid a party in the preparation of its case . . . ."); Fed. R. Civ. P. 26(b) advisory committee's note to 1946 amendment) ("The purpose of discovery is to allow a broad search for facts . . . or any other matters which may aid a party in the preparation or presentation of his case."). But for purposes of a Rule 56(d) request, the evidence sought must be more than "the object of pure speculation." *California v. Campbell*, 138 F.3d 772, 779-80 (9th Cir. 1998) (citation omitted). A party seeking to delay summary judgment for further discovery must state "what other specific evidence it hopes to discover [and] the relevance of that evidence to its claims." *Program Eng'g*, 634 F.2d at 1194 (emphasis added). In particular, "[t]he requesting party must show [that]: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (emphasis added).

*Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018). Plaintiff's request fails to meet these standards. He has not submitted an affidavit explaining the specific facts he hopes to elicit through further discovery, why he believes these facts exist, or why these facts are essential to oppose defendants' motion for summary judgment.

ORDER ON PLAINTIFF'S MOTION TO
EXTEND TIME AND CONDUCT
ADDITIONAL DISCOVERY - 2

Based on the foregoing, the Court ORDERS:

(1) Plaintiff's motion to extend time (Dkt. 133) is GRANTED in part and DENIED in part.

(2) The motion is GRANTED as to plaintiff's request for an extension of time to file an opposition to defendants' motion for summary judgment. Plaintiff shall file any opposition brief and supporting evidence on or before **Monday, April 6, 2020**. Defendants may file a reply on or before **Friday, April 10, 2020**.

(3) Plaintiff's motion is DENIED as to his request to conduct additional discovery.

(4) The Clerk is directed to RE-NOTE defendants' motion for summary judgment (Dkt. 127) for April 10, 2020, and to send copies of this order to the parties and to the Honorable Robert S. Lasnik.

Dated this 17th day of March, 2020.

Mary Alice Theiler
United States Magistrate Judge